# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| JOSEPH ERIC STRALKA | § | Case No. 11-36696 |
| STEPHANIE KAY STRALKA | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on
   . The undersigned trustee was appointed on                    .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                          $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                          $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Joji Takada, Chapter 7 Trustee_____
                                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 11-36696 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |

| Case Name: | JOSEPH ERIC STRALKA | | Date Filed (f) or Converted (c): | 09/08/2011 (f) |
| | STEPHANIE KAY STRALKA | | 341(a) Meeting Date: | 10/03/2011 |
| For Period Ending: | 07/02/2013 | | Claims Bar Date: | 02/22/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. SINGLE FAMILY RESIDENCE LOCATED AT: 285, LOCUST, | 120,000.00 | 0.00 | | 0.00 | FA |
| 2. TIMESHARE - SMOKETREE, P.O. BOX 540669, MERRITT | 7,000.00 | 7,000.00 | | 0.00 | FA |
| 3. CASH ON HAND | 300.00 | 0.00 | | 0.00 | FA |
| 4. CHECKING ACCOUNT # 715689, LOCATED AT CITIZEN'S | 200.00 | 0.00 | | 0.00 | FA |
| 5. SAVINGS ACCOUNT NUMBER # NOT PROVIDED, LOCATED A | 33.00 | 0.00 | | 0.00 | FA |
| 6. COMMONWEALTH EDISON | 375.00 | 0.00 | | 0.00 | FA |
| 7. LIVING ROOM SET, BEDROOM SET, TELEVISION, COMPUT | 1,500.00 | 0.00 | | 0.00 | FA |
| 8. NECESSARY WERARING APPAREL LOCATED AT: PERSONAL | 500.00 | 0.00 | | 0.00 | FA |
| 9. WEDDING RING, MISCELLANEOUS JEWLERY LOCATED AT: | 500.00 | 0.00 | | 0.00 | FA |
| 10. IRA HELD AMERICAN FUNDS, P.O. BOX 28911, INDIANA | 4,400.00 | 0.00 | | 0.00 | FA |
| 11. IRA HELD AT FIDELITY INVESTMENTS, P.O. BOX 67300 | 28,000.00 | 0.00 | | 0.00 | FA |
| 12. FIFTY-FIVE PERCENT (55%) STOCK OWNERSHIP IN AMER | 0.00 | 8,000.00 | | 8,000.00 | FA |
| 13. 2007 PONTIAC G6 LOCATED AT PERSONAL RESIDENCE. | 6,250.00 | 0.00 | | 0.00 | FA |
| 14. 2003 DODGE GRAND CARAVAN LOCATED AT PERSONAL RES | 3,500.00 | 0.00 | | 0.00 | FA |
| 15. Preferential Payment to Pargmann | 5,000.00 | 5,000.00 | | 2,500.00 | FA |
| 16. Preferential Payment to Pew | 5,000.00 | 5,000.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)       $182,558.00       $25,000.00              $10,500.00       $0.00

(Total Dollar Amount in Column 6)

---

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

121911--Agreement in principal to sell stock in American Machining for $8000.00, subject to court approval; E. Doebler to provide draft Stock Purchase Agreement
010912--Agreement reached on draft Stock Purchase Agreement re: sale of 55% stock in American Machining
011212--Telephone conference with Pargmann re: $5000.00 preferential payment; Agreement to settle claim for $2500.00, subject to court approval
121212--Awaiting receipt of 2012 K-1 from American Machining to determine possible tax liability.

**UST Form 101-7-TFR (5/1/2011)** *(Page: 3)*

Exhibit A

| RE PROP # | 1  | -- | *Debtor claimed exemption. |
|---|---|---|---|
| RE PROP # | 3  | -- | *Debtor claimed exemption. |
| RE PROP # | 4  | -- | *Debtor claimed exemption. |
| RE PROP # | 5  | -- | *Debtor claimed exemption. |
| RE PROP # | 6  | -- | *Debtor claimed exemption. |
| RE PROP # | 7  | -- | *Debtor claimed exemption. |
| RE PROP # | 8  | -- | *Debtor claimed exemption. |
| RE PROP # | 9  | -- | *Debtor claimed exemption. |
| RE PROP # | 10 | -- | *Debtor claimed exemption. |
| RE PROP # | 11 | -- | *Debtor claimed exemption. |
| RE PROP # | 14 | -- | *Debtor claimed exemption. |

Initial Projected Date of Final Report (TFR): 09/08/2013     Current Projected Date of Final Report (TFR): 09/08/2013

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 11-36696 | Trustee Name: | Joji Takada, Chapter 7 Trustee |
| Case Name: JOSEPH ERIC STRALKA | Bank Name: | Congressional Bank |
| STEPHANIE KAY STRALKA | Account Number/CD#: | XXXXXX5965 |
| | | Checking Account |
| Taxpayer ID No: XX-XXX9642 | Blanket Bond (per case limit): | |
| For Period Ending: 07/02/2013 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/26/12 | 15 | Glenn Pargmann | Preference avoidance | 1141-000 | $2,500.00 | | $2,500.00 |
| 02/26/12 | 12 | White Marsh Anderson Martin<br>511 East Etna Road<br>Ottawa, Illinois 61350 | Proceeds from sale | 1129-000 | $8,000.00 | | $10,500.00 |
| 02/12/13 | | Transfer to Acct # xxxxxx8480 | Transfer of Funds | 9999-000 | | $10,500.00 | $0.00 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $10,500.00 | $10,500.00 |
| Less: Bank Transfers/CD's | $0.00 | $10,500.00 |
| Subtotal | $10,500.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $10,500.00 | $0.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

| | | |
|---|---:|---:|
| Page Subtotals: | $10,500.00 | $10,500.00 |

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

Case No: 11-36696
Case Name: JOSEPH ERIC STRALKA
STEPHANIE KAY STRALKA

Trustee Name: Joji Takada, Chapter 7 Trustee
Bank Name: The Bank of New York Mellon
Account Number/CD#: XXXXXX8480
Checking

Taxpayer ID No: XX-XXX9642
For Period Ending: 07/02/2013

Blanket Bond (per case limit):
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/12/13 | | Transfer from Acct # xxxxxx5965 | Transfer of Funds | 9999-000 | $10,500.00 | | $10,500.00 |
| 03/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $8.56 | $10,491.44 |
| 03/11/13 | | The Bank of New York Mellon 500 Ross Street Suite 154-0510 Pittsburgh, PA 15262 | Bank and Technology Services Fee Adjustment | 2600-000 | | $1.44 | $10,490.00 |
| 04/05/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $15.59 | $10,474.41 |
| 04/13/13 | | The Bank of New York Mellon 500 Ross Street Suite 154-0510 Pittsburgh, PA 15262 | Bank and Technology Services Fee Adjustment | 2600-000 | | ($15.59) | $10,490.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $10,500.00 | $10.00 |
| Less: Bank Transfers/CD's | $10,500.00 | $0.00 |
| Subtotal | $0.00 | $10.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $0.00 | $10.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*

Page Subtotals: $10,500.00   $10.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5965 - Checking Account | $10,500.00 | $0.00 | $0.00 |
| XXXXXX8480 - Checking | $0.00 | $10.00 | $10,490.00 |
| | $10,500.00 | $10.00 | $10,490.00 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $10,500.00 |
| Total Gross Receipts: | $10,500.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

Page Subtotals:    $0.00    $0.00

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-36696-BWB
Debtor Name: JOSEPH ERIC STRALKA
Claims Bar Date: 2/22/2012

Date: July 3, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $1,800.00 | $1,800.00 |
| 1 280 5800 | INTERNAL REVENUE SERVICE<br>P.O. Box 21126<br>Philadelphia, PA 19114 | Priority | | $0.00 | $11,925.92 | $11,925.92 |
| 9 280 5800 | Illinois Department of Revenue<br>Bankruptcy Section<br>P.O. Box 64338<br>Chicago, Illinois 60664-0338 | Priority | | $2,144.00 | $2,462.52 | $2,462.52 |
| 2 300 7100 | Quantum3 Group LLC as agent for<br>Capio Partners LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | Unsecured | Medical debt of joint debtor | $0.00 | $160.00 | $160.00 |
| 3 300 7100 | Capital One, N.A<br>c/o Creditors Bankruptcy Service<br>P O Box 740933<br>Dallas, TX 75374 | Unsecured | | $0.00 | $1,053.80 | $1,053.80 |
| 4 300 7100 | CHASE BANK USA N.A<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $14,350.00 | $14,350.21 | $14,350.21 |
| 5 300 7100 | CHASE BANK USA N.A<br>PO Box 15145<br>Wilmington, DE 19850-5145 | Unsecured | | $11,641.00 | $11,640.64 | $11,640.64 |
| 6 300 7100 | FIA Card Services N. A.<br>PO Box 15102<br>Wilmington, DE 19886-5102 | Unsecured | | $8,962.00 | $8,512.30 | $8,512.30 |
| 7 300 7100 | Midland Funding LLC<br>Midland Funding LLC<br>By its authorized agent Recoser, LLC<br>25 SE 2nd Ave, Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $2,630.00 | $2,769.51 | $2,769.51 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:11-36696-BWB  
Debtor Name: JOSEPH ERIC STRALKA  
Claims Bar Date: 2/22/2012  

Date: July 3, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 8 300 7100 | Midland Funding LLC<br>Midland Funding LLC<br>By its authorized agent Recoser, LLC<br>25 SE 2nd Ave, Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $0.00 | $648.98 | $648.98 |
| 10 300 7100 | American Machining, Inc.<br>405 East Lafayette<br>Somonauk, Illinois 60552 | Unsecured | | $15,000.00 | $15,245.81 | $15,245.81 |
| 11 300 7100 | Portfolio Recovery Associates, LLC, successor in interest to Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk, VA 23541 | Unsecured | | $24,212.00 | $24,212.29 | $24,212.29 |
| | Case Totals | | | $78,939.00 | $94,781.98 | $94,781.98 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 11-36696
Case Name: JOSEPH ERIC STRALKA
STEPHANIE KAY STRALKA
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | INTERNAL REVENUE SERVICE | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 9 | Illinois Department of Revenue | $ | $ | $ |

    Total to be paid to priority creditors    $_____

    Remaining Balance    $_____

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Quantum3 Group LLC as agent for Capio Partners LLC | $ | $ | $ |
| 3 | Capital One,N.A | $ | $ | $ |
| 4 | CHASE BANK USA N.A | $ | $ | $ |
| 5 | CHASE BANK USA N.A | $ | $ | $ |
| 6 | FIA Card Services N. A. | $ | $ | $ |
| 7 | Midland Funding LLC | $ | $ | $ |
| 8 | Midland Funding LLC | $ | $ | $ |
| 10 | American Machining, Inc. | $ | $ | $ |
| 11 | Portfolio Recovery Associates, LLC, successor in interest to | $ | $ | $ |

    Total to be paid to timely general unsecured creditors    $_____

    Remaining Balance    $_____

   Tardily filed claims of general (unsecured) creditors totaling $  have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be  percent.

   Tardily filed general (unsecured) claims are as follows:

NONE

   Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $  have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  percent.

   Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE