# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
### DIVISION

In re:                                          §
                                                §
Thomas Kokkines                                 §        Case No. 12-22325
Tina Kokkines                                   §
                                                §
                          Debtor(s)             §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter    of the United States Bankruptcy Code was filed on
    .   The undersigned trustee was appointed on .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to
the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned
pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the
disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                      $

        Funds were disbursed in the following amounts:

        Payments made under an interim
        disbursement
        Administrative expenses
        Bank service fees
        Other payments to creditors
        Non-estate funds paid to 3rd Parties
        Exemptions paid to the debtor
        Other payments to the debtor

        Leaving a balance on hand of[1]                        $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement
will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the
maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

The remaining funds are available for distribution.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/Joji Takada, Chapter 7 Trustee
_____
Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

## FORM 1
### INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Exhibit A

| Case No: | 12-22325 | BWB | Judge: | Bruce W. Black | Trustee Name: | Joji Takada, Chapter 7 Trustee |

| Case Name: | Thomas Kokkines | Date Filed (f) or Converted (c): | 05/31/2012 (f) |
| | Tina Kokkines | 341(a) Meeting Date: | 06/20/2012 |
| For Period Ending: | 07/02/2013 | Claims Bar Date: | 10/19/2012 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Est Net Value<br>(Value Determined<br>by Trustee, Less<br>Liens, Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered<br>(FA)/<br>Gross Value of<br>Remaining<br>Assets |
| 1.  24250 Merlot Lane Plainfield, IL 60586 | 269,200.00 | 0.00 | | 0.00 | FA |
| 2.  Checking Account with Chase | 923.24 | 0.00 | | 0.00 | FA |
| 3.  Checking Account with Chase with Daughter | 200.00 | 100.00 | | 0.00 | FA |
| 4.  Savings account with Chase | 6,504.02 | 0.00 | | 2,500.00 | 0.00 |
| 5.  Checking Account with Chase | 100.00 | 100.00 | | 0.00 | FA |
| 6.  Checking Account with Chase | 56.77 | 56.77 | | 0.00 | FA |
| 7.  Checking Account with Chase with Son | 423.00 | 423.00 | | 0.00 | FA |
| 8.  Miscellaneous household goods | 900.00 | 0.00 | | 0.00 | FA |
| 9.  Clothing | 400.00 | 0.00 | | 0.00 | FA |
| 10.  Term life insurance--no cash surrender value | 0.00 | 0.00 | | 0.00 | FA |
| 11.  401k | 80,000.00 | 0.00 | | 0.00 | FA |
| 12.  2006 Land Rover LR3--88K miles | 15,000.00 | 1,666.26 | | 2,500.00 | FA |
| 13.  2006 Saab 9-5--113K miles | 3,200.00 | 0.00 | | 0.00 | FA |
| 14.  Family pets | 0.00 | 0.00 | | 0.00 | FA |
| INT.  Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)   $376,907.03   $2,346.03   $5,000.00   $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

012813--Settled with debtor regarding equity in vehicle and nonexempt bank funds

Initial Projected Date of Final Report (TFR): 05/31/2014       Current Projected Date of Final Report (TFR): 05/31/2014

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| | |
|---|---|
| Case No: 12-22325 | Trustee Name: Joji Takada, Chapter 7 Trustee |
| Case Name: Thomas Kokkines | Bank Name: Congressional Bank |
| Tina Kokkines | Account Number/CD#: XXXXXX8142 |
| | Checking Account |
| Taxpayer ID No: XX-XXX9647 | Blanket Bond (per case limit): |
| For Period Ending: 07/02/2013 | Separate Bond (if applicable): |

Exhibit B

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/22/12 | 12 | Thomas Kokkines and Tina Kokkines 24250 Merlot Lane Plainfield, Illinois 60586 | Settlement funds Partial payment of settlement regarding non-exempt bank funds and turnover of automobile | 1129-000 | $1,500.00 | | $1,500.00 |
| 09/25/12 | 12 | Tom Kokkines | Settlement funds Partial payment ($2000 of $5000 paid) | 1129-000 | $500.00 | | $2,000.00 |
| 10/22/12 | 12 | Tom Kokkines | Settlement funds Partial settlement re: bank accounts and automobile | 1129-000 | $500.00 | | $2,500.00 |
| 12/04/12 | 4 | Thomas Kokkines | Settlement funds | 1129-000 | $500.00 | | $3,000.00 |
| 12/22/12 | 4 | Thomas Kokkines | Settlement funds | 1129-000 | $500.00 | | $3,500.00 |
| 02/12/13 | | Transfer to Acct # xxxxxx8161 | Transfer of Funds | 9999-000 | | $3,500.00 | $0.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $3,500.00 | $3,500.00 |
| Less: Bank Transfers/CD's | $0.00 | $3,500.00 |
| Subtotal | $3,500.00 | $0.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $3,500.00 | $0.00 |

| | | |
|---|---|---|
| Page Subtotals: | $3,500.00 | $3,500.00 |

Case 12-22325    Doc 46    Filed 08/16/13    Entered 08/16/13 14:17:22    Desc Main
Document    Page 5 of 10

## FORM 2

### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Case No: 12-22325

Case Name: Thomas Kokkines

Tina Kokkines

Taxpayer ID No: XX-XXX9647

For Period Ending: 07/02/2013

Trustee Name: Joji Takada, Chapter 7 Trustee

Bank Name: The Bank of New York Mellon

Account Number/CD#: XXXXXX8161

Checking

Blanket Bond (per case limit):

Separate Bond (if applicable):

Exhibit B

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 02/12/13 | | Transfer from Acct # xxxxxx8142 | Transfer of Funds | 9999-000 | $3,500.00 | | $3,500.00 |
| 02/21/13 | 4 | Thomas Kokkines | Settlement payment Installment payment regarding buy back of interest in vehicle and non-exempt funds | 1129-000 | $500.00 | | $4,000.00 |
| 03/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507 (a)(2) | 2600-000 | | $2.95 | $3,997.05 |
| 03/11/13 | | The Bank of New York Mellon 500 Ross Street Suite 154-0510 Pittsburgh, PA 15262 | | 2600-000 | | $7.05 | $3,990.00 |
| 04/05/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507 (a)(2) | 2600-000 | | $10.00 | $3,980.00 |
| 04/19/13 | 4 | Thomas Kokkines | Settlement payment | 1129-000 | $1,000.00 | | $4,980.00 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $5,000.00 | $20.00 |
| Less: Bank Transfers/CD's | $3,500.00 | $0.00 |
| Subtotal | $1,500.00 | $20.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $1,500.00 | $20.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals:    $5,000.00    $20.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8142 - Checking Account | $3,500.00 | $0.00 | $0.00 |
| XXXXXX8161 - Checking | $1,500.00 | $20.00 | $4,980.00 |
| | $5,000.00 | $20.00 | $4,980.00 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $5,000.00 |
| Total Gross Receipts: | $5,000.00 |

Exhibit C

## ANALYSIS OF CLAIMS REGISTER

Case Number: 12-22325

Debtor Name: Thomas Kokkines

Claims Bar Date: 10/19/2012

Date: July 3, 2013

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100<br>2100 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $1,250.00 | $1,250.00 |
| 100<br>2200 | Joji Takada<br>6336 North Cicero Avenue<br>Chicago, IL 60646 | Administrative | | $0.00 | $13.75 | $13.75 |
| 1<br>300<br>7100 | Midland Funding LLC<br>Midland Funding LLC<br>By its authorized agent Recoser, LLC<br>25 SE 2nd Ave, Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $1,577.00 | $1,680.67 | $1,680.67 |
| 2<br>300<br>7100 | American Infosource Lp As Agent For<br>Midland Funding Llc<br>Po Box 268941<br>Oklahoma City, Ok 73126-8941 | Unsecured | | $19,523.00 | $20,569.10 | $20,569.10 |
| 3<br>300<br>7100 | Midland Funding LLC<br>Midland Funding LLC<br>By its authorized agent Recoser, LLC<br>25 SE 2nd Ave, Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $1,080.00 | $1,148.66 | $1,148.66 |
| 4<br>300<br>7100 | Capital Recovery V LLC<br>c/o Recovery Management Systems Corporation<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $0.00 | $3,053.25 | $3,053.25 |
| 5<br>300<br>7100 | Capital One, N.A. (Best Buy Co., Inc.)<br>C/O Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite #200<br>Tucson, Az 85712 | Unsecured | | $478.00 | $766.30 | $766.30 |
| 6<br>300<br>7100 | N. A. Capital One<br>Capital One, N.A.<br>C O Becket And Lee Llp<br>Pob 3001<br>Malvern, Pa 19355-0701 | Unsecured | | $1,630.00 | $2,251.00 | $2,251.00 |
| | Case Totals | | | $24,288.00 | $30,732.73 | $30,732.73 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1

Printed: July 3, 2013

### TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-22325
Case Name: Thomas Kokkines
       Tina Kokkines
Trustee Name: Joji Takada, Chapter 7 Trustee

Balance on hand                                          $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joji Takada | $ | $ | $ |
| Trustee Expenses: Joji Takada | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses        $_____

Remaining Balance        $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $        must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $              have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be          percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Midland Funding LLC | $ | $ | $ |
| 2 | American Infosource Lp As Agent For | $ | $ | $ |
| 3 | Midland Funding LLC | $ | $ | $ |
| 4 | Capital Recovery V LLC | $ | $ | $ |
| 5 | Capital One, N.A. (Best Buy Co., Inc.) | $ | $ | $ |
| 6 | N. A. Capital One | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance          $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be          percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $        have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be        percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE